FULMER, Judge,
Specially concurring.
I agree that the trial court’s order should be reversed. I write to address the argument that was advanced on appeal as an alternative basis to affirm the trial court’s dismissal of Ms. Embry’s petitions.
On appeal, Ms. Ryan acknowledges that the trial court was required to recognize the Washington judgment under the Full Faith and Credit Clause. However, Ms. Ryan advances the alternative argument that there is a distinction between recognition and enforcement of a judgment. Ms. Ryan argues that the trial court was not required to enforce the judgment because granting parental rights to a former same-sex partner contravenes section 63.042, Florida Statutes (2007), which prohibits adoption by a homosexual.
Ms. Ryan’s argument lacks merit for several reasons. The issue before the trial court was not whether Ms. Embry should be allowed to adopt. It is undisputed that Ms. Embry adopted her child in the state of Washington where same-sex adoptions are allowed. Further, not only is Ms. Ryan’s argument being raised for the first time on appeal, but, on the merits, Florida law expressly grants parental rights to any person who has obtained the status of parent by virtue of an adoption decree from a sister state.
As noted in the majority opinion, section 63.192 not only mandates recognition of adoption judgments issued by another state but further states that “the rights and obligations of the parties on matters within the jurisdiction of this state shall be determined as though the judgment were issued by a court of this state.” In other words, Ms. Embry is entitled to the same rights and obligations that are granted to a person who became an adoptive parent by- virtue of a Florida judgment of adoption. Unlike section 63.042, section 63.192 does not exclude homosexuals from its pro *411 visions. Thus, Ms. Embry’s same-sex relationship with Ms. Ryan is irrelevant for the purpose of enforcing her rights and obligations as an adoptive parent.